IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODGER ROBINSON,

     Plaintiff,

vs.

STEVEN WILLIAMS,

     Defendant.

No. CIV S-07-1375 JAM EFB

FINDINGS AND RECOMMENDATIONS

---

Plaintiff's motion for default judgment against defendant Steven Williams, made pursuant to Fed. R. Civ. P. 55(b)(2), was referred to the undersigned under Local Rule 72-302(c)(19). *See* 28 U.S.C. § 636(b)(1). The motion was submitted without oral argument pursuant to Local Rule 78-230(h). Having reviewed the submitted documents, and as set forth below, the court recommends that plaintiff's motion for default judgment be granted.

**I. BACKGROUND**

This case is proceeding on the complaint filed July 11, 2007. Plaintiff alleges violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.* ("ADA"), the Unruh Civil Rights Act, Cal. Civ. Code §§ 51, *et seq.* ("Unruh Act"), and the Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.* ("DPA"). Plaintiff seeks injunctive relief and statutory damages pursuant to the Unruh Act.

1

Plaintiff is a permanently disabled, physically handicapped person, who uses a wheelchair. Complaint ("Compl."), ¶ 1; Declaration of Rodger Robinson in Support of Plaintiff's Application for Default Judgment Against Steven Williams ("Robinson Decl."), ¶ 2.

Defendant Steven Williams owns, operates, and/or leases "TJ's Roadhouse," located at 520 South Auburn, Colfax, California (the "Restaurant")."[1] Compl., ¶¶ 2, 3, 9; Declaration of Thomas Stewart III in Support of Plaintiff's Application for a Default Judgment against Steven Williams ("Stewart Decl."), ¶ 2. The Restaurant is open to the public, and is a "public accommodation" within the meaning of the ADA. Robinson Decl., ¶ 3; *see* 42 U.S.C. § 12181(7)(B) (restaurants are places of public accommodation).

On June 17, 2007, plaintiff patronized the Restaurant after participating in a wheelchair race in Reno, Nevada. Robinson Decl., ¶ 4. Plaintiff alleges that the only available handicapped parking space did not have an access aisle, which made it difficult for him to get out of, and back into, his vehicle. *Id*. He also alleges that the ramp leading to the Restaurant's entrance only had one handrail instead of two.[2] *Id*. Plaintiff also alleges that after dining, he attempted to use the restroom at the Restaurant, but that the partitions on either side of the toilet prevented him from accessing it. *Id.*

Although plaintiff has presented evidence that the parking lot and restroom barriers were subsequently repaired, an additional handrail was not added to the ramp.[3] Stewart Decl., ¶ 4.

---

[1] Stacey Williams, originally named as a defendant, was dismissed from this action pursuant to Fed. R. Civ. P. 41(a). *See* Docket Entry no. 8.

[2] Although plaintiff alleges that he only later learned that the lack of a second handrail was a violation under the ADA, that has no bearing on his claim for injunctive relief. *See Doran v. 7-Eleven, Inc.*, No. 05-56439, 2008 U.S. App. LEXIS 9519, at * 20-21 (9th Cir. May 2, 2008) (holding that where a disabled person has "standing to bring a claim for injunctive relief under the ADA because of at least one alleged statutory violation" he knows about, he also has standing to challenge other barriers that existed at the time he brought the claim).

[3] Mr. Stewart indicates that a man identifying himself as defendant's partner called him on November 9, 2007, notifying him that the Restaurant had been modified to improve access. Stewart Decl., ¶ 3. Mr. Stewart thereafter inspected the Restaurant, and learned that some

Thus, plaintiff now only seeks injunctive relief as to the handrail, in addition to statutory damages under the Unruh Act.

Alleging violations of federal and state disability laws, plaintiff commenced this action on July 11, 2007. Defendant Steven Williams was personally served with the summons and complaint on October 31, 2007. *See* Docket Entry no. 5. He has failed to respond or otherwise appear in this action. The clerk entered default against defendant Steven Williams on November 26, 2007. Accordingly, plaintiff now moves for entry of default judgment pursuant to Fed. R. Civ. P. 55(b).

## II. DISCUSSION

### A. Standard

Pursuant to Federal Rule of Civil Procedure 55(a), the court clerk is required to enter default when the fact of default is established by affidavit or otherwise. Fed. R. Civ. P. 55(a). In this case, default was established by plaintiff and entered on November 26, 2007. Now pending before the court is plaintiffs' application for entry of default judgment against defendant Steven Williams pursuant to Fed. R. Civ. P. 55(b)(2). It is within the sound discretion of the district court to grant or deny a default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

////

////

---

modifications had been made, but not with respect to the handrail. *Id.*, at ¶ 4.

3

B. **Analysis**

The first *Eitel* factor weighs in plaintiff's favor. Plaintiff would be prejudiced if default judgment were not granted because without the requested relief, plaintiff and others similarly situated to him would continue to face barriers at the Restaurant. Further, if default judgment is not entered against defendant, plaintiff would be denied a judicial determination of his claims under applicable state and federal laws.

The second and third factors also weigh in plaintiffs' favor. As a general rule, once default is entered, the factual allegations of the complaint are taken as true, except for those allegations relating to the damages. *TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (citations omitted). Here, the facts as pled by plaintiff establish that he has stated a claim under the ADA, the Unruh Act, and the DPA.

"Title III of the ADA prevents discrimination against the disabled in places of public accommodation." *Nat'l Fed'n of the Blind v. Target Corp*., 452 F. Supp. 2d 946, 951 (N.D. Cal. 2006) (citing 42 U.S.C. § 12182(a)). To state a claim for disability discrimination under Title III, a plaintiff must allege that: (1) he is a disabled under the Act; (2) he was either excluded from or denied the benefits of services, programs, or activities, or was otherwise discriminated against by the private entity providing the services; and, (3) such denial of benefits or discrimination was on account of his disability. *See Zukle v. Regents of the Univ. of Cal*., 166 F.3d 1041, 1045 (9th Cir. 1999).

Here, plaintiff has alleged that he is disabled, as defined under the ADA. *See* 42 U.S.C. § 12102(2)(A) (disability means a person with a physical or mental impairment that substantially limits one or more of the major life activities). He alleges that he does not have substantial use of his legs and requires a wheelchair for locomotion. Compl., ¶ 1. He further alleges that he was discriminated against on the basis of his disability at the Restaurant. Compl., ¶ 3. Specifically, he alleges that he was denied full and equal access to the Restaurant because of barriers in the parking lot and men's restroom. *Id*.

4

Because a violation of the ADA is a violation of the Unruh Act, a plaintiff need not "allege anything further in order to state a claim under the Unruh Act." *Nat'l Fed'n of the Blind*, 452 F. Supp. 2d at 957 (citing *Lentini v. California Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004)). Likewise, a violation of the ADA is a violation of the DPA. *Id.*, at 958 (citing Cal. Civ. Code § 54.1(d)). Thus, the facts as plead by plaintiff establish violations of the ADA, the Unruh Act and the DPA. Plaintiff seeks limited injunctive relief and damages in connection with these violations.

Specifically, plaintiff seeks an injunction requiring defendant to install a second handrail on the entrance ramp leading to the Restaurant. Stewart Decl., ¶ 4. The entrance ramp at the Restaurant is a path approximately thirty feet in length, with a rise of over two feet and a handrail on one side. *See* Declaration of Kim R. Blackseth Re: Plaintiff's Application for a Default Judgment Against Steven Williams ("Blackseth Decl."), ¶ 5(c). Pursuant to the ADA Accessibility Guidelines, a ramp that rises more than six inches must have handrails on both sides. *Id.*, ¶ 4(c); *see* 28 C.F.R. Part 36, Appendix A, § 4.8.5.

Pursuant to 28 C.F.R. 36.304, "a public accommodation shall remove architectural barriers in existing facilities . . . where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." Plaintiff's counsel has provided evidence that removal of this barrier is readily achievable by installing the second handrail. *See* Blackseth Decl., ¶¶ 1, 5-6 (opining that, based on her experience as an access compliance expert, a second handrail could be installed for under $1,000). The court finds such modification to be readily achievable, and therefore recommends that plaintiff's request for an injunction be granted.

Plaintiff also moves for, and is entitled to statutory damages under the Unruh Act. The Act provides for statutory damages of no less than $4,000 for each incident of discrimination. *See* Cal. Civ. Code § 52(a).

////

Under the Unruh Act, proof of actual damages is not a prerequisite to the recovery of minimum statutory damages. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000). Plaintiff need only establish that he or she was denied equal access on a particular occasion. *Id.* (citations omitted). In *Botosan*, denial of equal access was shown by defendant's lack of accessible parking. *Id.* The statute further provides that plaintiff may be awarded damages for each incident of deterrence. *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004).

Here, plaintiff has alleged that on June 17, 2007, he was denied equal access to the Restaurant's facilities and services. In particular, he has alleged that the Restaurant lacked accessible parking, and that he encountered other barriers, including the lack of a second handrail on the entrance ramp, and partitions in the men's restroom. Plaintiff alleges he was denied equal access to the Restaurant as a result of these barriers, and that he suffered embarrassment and mental and emotional distress from such discrimination. *See* Compl., at ¶¶ 3, 16. In connection with these incidents of discrimination, plaintiff seeks, and is entitled to the minimum amount of statutory damages allowable under the Unruh Act, i.e., $4,000. *See* Plaintiff's Application for a Default Judgment against Steven Williams, p. 6.

Based on the foregoing, the court finds that plaintiff has sufficiently stated a claim for injunctive relief and statutory damages. Thus, the second and third *Eitel* factors weigh in favor of granting the default judgment.

The fourth *Eitel* factor, the sum of money at stake, weighs in plaintiff's favor for the reason that he only seeks minimum statutory damages, and because the injunctive relief sought is not particularly burdensome. With regard to the fifth factor, no genuine issue of material fact exists because the allegations in the complaint are taken as true, *TeleVideo Systems*, 826 F.2d at 917-18, and defendant has submitted nothing to contradict them.

The sixth factor also weighs in plaintiff's favor since defendant has failed to make any appearance in this case. Such failure to respond cannot be deemed "excusable neglect."

Finally, only the seventh *Eitel* factor weighs against granting the motion for default judgment. The strong policy underlying the Federal Rules of Civil Procedure favor decisions on the merits. *Eitel*, 782 F.2d at 1472. Nonetheless, where a defendant fails to answer the complaint, a decision on the merits is "impractical, if not impossible." *Elektra Ent. Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (citations omitted). Thus, given defendant's failure to appear or otherwise defend himself in any way, this factor does not preclude entry of default judgment. *Id.*, at 393. Thus, on balance, the factors weigh in favor of granting plaintiff's motion for entry of default judgment.

The court notes that plaintiff seeks an award of attorney's fees and costs, but asks to make such application after this motion is resolved. *See* Plaintiff's Application for a Default Judgment against Steven Williams, at 6. Thus, in the event the district judge adopts these findings and recommendations, plaintiff may file an application for fees and costs pursuant to Local Rules 54-292 and 54-293.

**III. CONCLUSION**

In light of the foregoing, IT IS RECOMMENDED that:

1. Plaintiff's application for entry of default judgment against defendant Steven Williams be granted;

2. Plaintiff be awarded judgment against Steven Williams for statutory damages in the amount of $4,000 pursuant to the Unruh Act; and,

3. Plaintiff's request for injunctive relief be granted such that defendant be ordered to install, within ninety days of service of the judgment, a second handrail for the entrance ramp at the Restaurant.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten (10) days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*,
5  951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: June 11, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE